UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARMAINE DE LOS REYES,<br><br>                    Plaintiff,<br><br>          v.<br><br>RUCHMAN AND ASSOCIATES, INC., et al.,<br><br>                    Defendants. | Case No.  14-cv-00534-WHO<br><br>**ORDER ON MOTION TO DISMISS**<br><br>Re: Dkt. No. 24 |

In 2008, Charmaine De Los Reyes was hired by defendant Ruchman and Associates, Inc. ("Ruchman") to work as an accounting clerk for the United States Department of Justice, Drug Enforcement Agency ("DEA").  She alleges that both Ruchman and the DEA violated state and federal discrimination laws when she was terminated in June 2013.  However, she did not exhaust her administrative remedies against the federal defendants, and the issue I must decide on the federal defendants' motion to dismiss is whether she is entitled to equitable estoppel to excuse her failure to exhaust.  Because the record does not establish deceptive conduct by the DEA to prevent De Los Reyes from exhausting her administrative remedies, equitable estoppel does not apply and the federal defendants are dismissed without leave to amend.

**FACTUAL BACKGROUND**

Ruchman is a private company that provides administrative employees to the federal government.  Dkt. 18, First Amended Complaint ("FAC") ¶ 18.  Ruchman hired De Los Reyes and placed her as an accounting clerk at the San Francisco fiscal office of the DEA, where she worked from 2008 until her termination on June 4, 2013.  FAC ¶¶ 18-19.  She reported to Ruchman Project Manager Devon Richardson and two DEA supervisors, Leslie Shinozawa and Jessica Jacobs-Winfield.  *Id.* ¶ 21.

United States District Court
Northern District of California

**A.  De Los Reyes's Medical Leave and Termination**

On April 25, 2013, De Los Reyes commenced a leave of absence from work due to her disability (severe depression).  *Id.* ¶ 28.  She provided information regarding her leave to Ruchman Project Manager Devon Richardson, who in turn provided this information to the DEA. *Id.* ¶¶ 29-30.

On May 10, 2013, DEA supervisor Leslie Shinozawa responded to Richardson and stated,

Let's discuss alternatives for her return.
We are not happy with her attendance prior to her taking her most recent medical leave; I think you have an adequate record of her attendance from her time sheets. Her departure from the office on April 25 was also "without notice," and compounded further by the fact that she did not consider allowing us time to transfer her "desk" to an alternate.  What she did leave us was a station that was not properly attended, and portrays for us an implicit demonstration of "retribution." At this time, we have, with the able (and stable) "fill in" by Corinne Xiao, picked up where Charmaine so rudely dropped us and left us "hanging."  And so at this time, we are not interested in having Charmaine return.

*Id.*

On May 14, 2013, De Los Reyes learned through a friend that he had received a "teletype from headquarters" stating that De Los Reyes was "no longer employed by, or supporting the Drug Enforcement Administration."  *Id.* ¶ 35.  De Los Reyes was concerned and sent an email to Richardson, who responded on May 16, 2013, that "due to staffing needs in the San Francisco fiscal unit, we made some temporary adjustments to ensure the continuity of the business operations in the office."  *Id.* ¶ 36.

From May 21 through June 2, 2014, De Los Reyes communicated via email with Ruchman's Human Resources Representative, Evelyn Maldonado.  Maldonado sent her paperwork to complete including a "personal leave of absence form," and informed her that she may be eligible for a leave of absence "for up to a maximum of 60 days."  *Id.* ¶¶ 39-40.  On June 2, 2013, De Los Reyes completed and returned the paperwork, and requested a return to work date of June 17, 2013.  *Id.* ¶ 42.

On June 3, 2013, Maldonado emailed De Los Reyes, stating, "Under the company personal leave of absence, your position is not guaranteed.  As a result, the company has made the final decision not to reinstate you at the conclusion of your leave."  *Id.* ¶ 43.  The next day, De Los

2

United States District Court
Northern District of California

1    Reyes emailed Maldonado stating that she had spoken with an attorney and that the law required

2    Ruchman to provide her a leave of absence as an accommodation. *Id*. ¶ 46. Maldonado

3    responded that Ruchman's termination decision was "final." *Id*. ¶ 47.

4            **B.  Exhaustion of Administrative Remedies**

5            On July 10, 2013, De Los Reyes began pursuing her administrative remedies by timely

6    contacting DEA Equal Employment Opportunity ("EEO") counselor Bryan Reed. Her letter to

7    Reed asserts that Ruchman and the DEA were her "joint employers" and that both Ruchman and

8    the DEA may be liable for wrongful termination/disability discrimination. Himes Decl., ¶¶ 4-5,

9    Ex. A. Reed investigated the case and interviewed De Los Reyes and her former supervisors. *Id*.

10   ¶ 49. During the investigation, De Los Reyes and her attorney "repeatedly requested" that Reed

11   investigate whether it was Ruchman or the DEA that made the termination decision. *Id*. ¶ 11. *See*

12   *also* Costin Decl. ¶¶ 4-5.

13           On September 12, 2013, Reed provided De Los Reyes and her attorney with a copy of his

14   investigative report, which states in relevant part:

15   •    "Ms. Jacobs said she did not talk with Ruchman and did not make a request to have her

16        removed."

17   •    "I asked Mr. Sinozawa [sic] did he call Ruchman and request the AP[1] removed. Mr.

18        Shinozawa said "No" Mr. Shinozawa did say he called Ruchman about two weeks after the

19        April 25, 2013 meeting to find out if the AP was going to return to work. He was told the

20        position was going to be advertised and the AP was not going to return."

21   •    Ruchman Human Resources Representative Evelyn Maldonado "advised me the decision

22        to remove the AP was made by Ruchman and Ruchman alone."

23   *Id*. ¶ 12; Mtn. Ex. B.

24           Reed also provided De Los Reyes and her attorney with a "Notice of Final Interview and

25   Right to File a Formal Complaint of Discrimination" which advised of the "right to file a

26   complaint of discrimination within 15 calendar days after receipt of this notice." Himes Decl., ¶ 8

27

28   _____

     [1] "AP" refers to De Los Reyes.

United States District Court
Northern District of California

1    Ex. B.  Based on the statements in the investigative report, her attorney "concluded that Ruchman

2    (and not the DEA) had been solely responsible for the termination of Plaintiff's employment" and

3    "determined that there were not valid grounds to pursue legal action against [the] DEA and

4    therefore did not file an administrative complaint of discrimination against the DEA."  Costin

5    Decl., ¶ 7; FAC ¶ 13.

6         On October 9, 2013, De Los Reyes timely filed a complaint against Ruchman only with the

7    California Department of Fair Employment and Housing ("DFEH") and the EEOC.  She received

8    "right to sue" notices from both agencies.  *Id.* ¶¶ 8-9.  She timely filed her complaint against

9    Ruchman in this court on February 4, 2014.  *Id.*

10        On January 31, 2014, Ruchman's attorney provided De Los Reyes's attorney with

11    Shinozawa's May 10, 2013, email stating that the DEA is "not interested" in having De Los Reyes

12    return.  *Id.* ¶ 51.  This was the first time that her attorney had seen the email.  *Id.*  On February 5,

13    2014, De Los Reyes filed a formal complaint of discrimination against the DEA.  *Id.* ¶ 15.  On

14    April 7, 2014, the DEA dismissed the complaint as untimely.  *Id.* ¶ 17.  De Los Reyes amended

15    her complaint in this case adding the DEA as a defendant on April 28, 2014.  Dkt. 18.

16                              **LEGAL STANDARD**

17        **A.  Rule 12(b)(6)**

18        Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint

19    if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to

20    dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its

21    face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  A claim is facially plausible when

22    the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant

23    is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation

24    omitted).  This standard is not akin to a probability requirement, but there must be "more than a

25    sheer possibility that a defendant has acted unlawfully."  *Id.*  While courts do not require

26    "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to

27    relief above the speculative level."  *Twombly*, 550 U.S. at 555, 570.

28        In deciding whether the plaintiff has stated a claim upon which relief can be granted, the

United States District Court
Northern District of California

1    court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the

2    plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is

3    not required to accept as true "allegations that are merely conclusory, unwarranted deductions of

4    fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

5    2008).

6        **B. Rule 12(b)(1)**

7        A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject

8    matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited

9    jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v.

10   Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). The party invoking the jurisdiction of the

11   federal court bears the burden of establishing that the court has the requisite subject matter

12   jurisdiction to grant the relief requested. *Id.*

13       A challenge pursuant to Rule 12(b)(1) may be facial or factual. *See White v. Lee*, 227 F.3d

14   1214, 1242 (9th Cir. 2000). In a facial attack, the jurisdictional challenge is confined to the

15   allegations pled in the complaint. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

16   The challenger asserts that the allegations in the complaint are insufficient "on their face" to

17   invoke federal jurisdiction. *See Safe Air Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th

18   Cir. 2004). To resolve this challenge, the court assumes that the allegations in the complaint are

19   true and draws all reasonable inference in favor of the party opposing dismissal. *See Wolfe*, 392

20   F.3d at 362. "By contrast, in a factual attack, the challenger disputes the truth of the allegations

21   that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. To

22   resolve this challenge, the court "need not presume the truthfulness of the plaintiff's allegations."

23   *Id.* (citation omitted). Instead, the court "may review evidence beyond the complaint without

24   converting the motion to dismiss into a motion for summary judgment." *Id.* (citations omitted).

25   Once the moving party has made a factual challenge by offering affidavits or other evidence to

26   dispute the allegations in the complaint, the party opposing the motion must "present affidavits or

27   any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses

28   subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

## C. Summary Judgment

Summary judgment on a claim or defense is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In order to prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact with respect to an essential element of the non-moving party's claim, or to a defense on which the non-moving party will bear the burden of persuasion at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this showing, the burden then shifts to the party opposing summary judgment to identify "specific facts showing there is a genuine issue for trial." *Id.* The party opposing summary judgment must then present affirmative evidence from which a jury could return a verdict in that party's favor. *Anderson v. Liberty Lobby,* 477 U.S. 242, 257 (1986).

On summary judgment, the Court draws all reasonable factual inferences in favor of the non-movant. *Id.* at 255. In deciding a motion for summary judgment, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* However, conclusory and speculative testimony does not raise genuine issues of fact and is insufficient to defeat summary judgment. *See Thornhill Publ'g Co., Inc. v. GTE Corp.,* 594 F.2d 730, 738 (9th Cir.1979).

### DISCUSSION

The government argues that De Los Reyes's causes of action against the DEA should be dismissed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) because: (i) she has asserted claims against the DEA under the Americans with Disabilities Act, 42 U.S.C. § 1201 et seq. ("ADA"), which does not apply to the federal government; (ii) similarly, she cannot seek punitive damages against the federal government; and (iii) the court lacks subject matter jurisdiction because she failed to timely exhaust her administrative remedies. Dkt. 24.

De Los Reyes concedes that she has improperly alleged her ADA causes of action and prayer for punitive damages against the federal defendants, and requests leave to amend her

United States District Court
Northern District of California

6

1    complaint to assert claims under Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791.[2]

2    Dkt. 25 at 1.  The government asserts that leave to amend the complaint would be futile because

3    this court does not have subject matter jurisdiction since De Los Reyes did not timely exhaust her

4    administrative remedies.  Dkt. 24 at 7-12.  As explained below, it is not appropriate to treat this

5    motion as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), but

6    instead as a motion for summary judgment under Rule 56.

7            **A.  Standard for Evaluating This Motion**

8            A federal employee is required to exhaust her administrative remedies before pursuing a

9    Rehabilitation Act claim in district court.  *Leorna v. U.S. Dep't of State*, 105 F.3d 548, 550 (9th

10   Cir. 1997).  "Filing a timely charge of discrimination with the EEOC is not a jurisdictional

11   prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to

12   waiver, estoppel, and equitable tolling."  *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393

13   (1982).  *See also Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001) ("The Supreme

14   Court has held that the failure to file a timely EEOC administrative complaint is not a

15   jurisdictional prerequisite to a Title VII claim, but is merely a statutory requirement subject to

16   waiver, estoppel and equitable tolling.") (citing *Zipes*, 455 U.S. at 393); *Castillo v. U.S. I.R.S.*, No.

17   13-cv-00517 AWI, 2014 WL 1270548, at *7 (E.D. Cal. Mar. 26, 2014) ("exhaustion of

18   administrative remedies before a federal employee may bring a discrimination action in federal

19   court is not a jurisdictional requirement" in a Rehabilitation Act claim); *Lloyd v. U.S. Marshals*

20   *Serv.*, No. 05-cv-3032 AA, 2006 WL 367867, at *5 (D. Or. Feb. 15, 2006) (same).

21           Because the court's jurisdiction is not in question, the issue cannot be resolved on a

22

23   _____

24   [2] The FAC alleges three causes of action against the DEA: (1) the Fifth Cause of Action for
     disability discrimination in violation of the ADA (2) the Sixth Cause of Action for failure to
     accommodate in violation of the ADA; and (3) the Seventh Cause of Action for retaliation in

25   violation of the ADA.  FAC ¶¶ 93-122.  The federal government is not subject to the ADA, which
     excludes the federal government from its definition of employer.  *See* 42 U.S.C. § 12111(5)(B)(i).

26   Instead, disability discrimination claims against the federal government arise under Section 501 of
     the Rehabilitation Act of 1973. *See* 29 U.S.C. § 791; *Vinieratos v. U.S. Dep't of Air Force*, 939

27   F.2d 762, 773 (9th Cir. 1991) (holding that the Rehabilitation Act is the exclusive remedy for
     disability discrimination claims by federal employees).  De Los Reyes's complaint already alleges

28   causes of action under the Rehabilitation Act, but these causes of action are asserted against
     defendant Ruchman only.  FAC ¶¶ 123-142.

United States District Court
Northern District of California

1    12(b)(1) motion.  *Shepard v. Winter*, No. 06-5463 RBL, 2007 WL 3070495, at \*4 (W.D. Wash.

2    Oct. 19, 2007) *aff'd*, 327 F. App'x 691 (9th Cir. 2009) (converting motion to dismiss for failure to

3    exhaust administrative remedies to motion for summary judgment; and holding that plaintiff had

4    not established equitable tolling or estoppel).  Because both parties have introduced matters

5    outside the pleadings in support of their papers, I will treat the motion as one for summary

6    judgment.  *See* FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters

7    outside the pleadings are presented to and not excluded by the court, the motion must be treated as

8    one for summary judgment under Rule 56.").

9            **B.  Equitable Estoppel**

10           De Los Reyes argues that equitable estoppel excuses her delayed administrative filing

11   because the EEO counselor's report "made repeated and egregious false representations . . .

12   regarding the DEA's purported lack of involvement" in her termination.  Opp. 1.  Her

13   characterization of the report misses the mark.  Based on the evidence in the record, De Los Reyes

14   has not established circumstances requisite to justify equitable estoppel.

15           Equitable estoppel focuses on the defendant's wrongful action preventing plaintiff from

16   asserting his claim. [3] *Leong v. Potter*, 347 F.3d 1117, 1123 (9th Cir. 2003).  "A finding of

17   equitable estoppel rests on the consideration of a non-exhaustive list of factors, including: (1) the

18   plaintiff's actual and reasonable reliance on the defendant's conduct or representations, (2)

19   evidence of improper purpose on the part of the defendant, or of the defendant's actual or

20   constructive knowledge of the deceptive nature of its conduct, and (3) the extent to which the

21   purposes of the limitations period have been satisfied."  *Johnson v. Henderson*, 314 F.3d 409, 414

22   (9th Cir. 2002) (citing *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000)).

23   "Equitable estoppel in the limitations setting is sometimes called fraudulent concealment."  *Santa*

24   *Maria*, 202 F.3d at 1176 (citation omitted).  "Fraudulent concealment necessarily requires active

25

26   _____
     [3] In contrast, equitable tolling "focuses on a plaintiff's excusable ignorance and lack of prejudice
27   to the defendant."  *Leong*, 347 F.3d at 1123.  De Los Reyes concedes that she does not have a
     claim for equitable tolling.  Opp. at 12 n.2.  *See Leorna*, 105 F.3d at 551 ("once a claimant retains
28   counsel, tolling ceases because she has gained the means of knowledge of her rights and can be
     charged with constructive knowledge of the law's requirements.").

United States District Court
Northern District of California

1   conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is

2   filed, to prevent the plaintiff from suing in time." *Johnson*, 314 F.3d at 414.

3          At the time De Los Reyes initiated the EEO process with the DEA in July 2013, she

4   believed she had a claim against the DEA and Ruchman under a "joint employer" theory. *See*

5   Himes Decl., Ex. A. De Los Reyes argues that she "determined that there were not sufficient

6   grounds to pursue legal action against the DEA and did not continue forward with the federal

7   administrative exhaustion process" because she relied on statements in EEO counselor Bryan

8   Reed's report that made her believe "Ruchman (and not the DEA) had been solely responsible for

9   the termination of Plaintiff's employment." Opp. 14. She relied on the following statements:

- "Ms. Jacobs said she did not talk with Ruchman and did not make a request to have her
  removed."

- "I asked Mr. Sinozawa [sic] did he call Ruchman and request the AP removed. Mr.
  Shinozawa said "No" Mr. Shinozawa did say he called Ruchman about two weeks after the
  April 25, 2013 meeting to find out if the AP was going to return to work. He was told the
  position was going to be advertised and the AP was not going to return."

- Ruchman Human Resources Representative Evelyn Maldonado "advised me the decision
  to remove the AP was made by Ruchman and Ruchman alone."

18   *Id*. ¶ 12; Mtn. Ex. B. De Los Reyes asserts that she also relied on telephone conversations with

19   Mr. Reed where he stated that DEA supervisors told him that they were not involved in the

20   termination decision. Costin Decl., ¶ 6.

21          De Los Reyes has shown that she actually on these representations. I do not question that

22   she interpreted the statements as establishing that she had no claim against the DEA. Her

23   equitable estoppel claim fails because there is no evidence in the record suggesting that the DEA

24   employees made any statements in order to deceive her, or that they knew or should have known

25   that she might be so deceived. The statements in the report are literally true. Shinozawa's May

26   10, 2013, email states that the DEA was "not interested" in having De Los Reyes return. It does

27   not allude to any interaction between Ms. Jacobs and Ruchman. The email does not show that

28   Shinozawa did in fact "call Ruchman and request [De Los Reyes] removed" from her

United States District Court
Northern District of California

9

1    employment.  And the email does not establish that the decision to ultimately terminate De Los

2    Reyes on June 4, 2013, was not made by "Ruchman alone."  In sum, the language of the email

3    does not contradict any of the statements above.[4]

4         Critically, neither the email nor the report establishes "active conduct" by the DEA to

5    deceive De Los Reyes or prevent her from timely filing a complaint.  *Johnson*, 314 F.3d at 414.  In

6    *Johnson*, the Ninth Circuit declined to apply equitable estoppel where the plaintiff's supervisor

7    said she would be fired if she filed a sexual harassment complaint and that she had "fewer rights"

8    as a casual employee, and the employee was allegedly misled by an agency policy that suggested

9    EEO complaint procedures were not mandatory.  *Id.* at 415-416.  Even though the court found that

10   the policy's "language is somewhat misleading," "nothing the supervisor allegedly said . . . bore

11   on the applicability of the deadline for the requirement to seek informal counseling" and there was

12   nothing to suggest that the agency promulgated the policy "with an intent to trick its employees

13   into not filing EEO complaints."  *Id.* at 416.

14        This is a far less egregious situation than in *Johnson*, since no supervisor made threats to

15   De Los Reyes and there was nothing misleading about the policy language regarding the

16   complaint procedures.  None of the DEA employees' statements were made to discourage De Los

17   Reyes from exercising her right to file a timely complaint.  De Los Reyes was represented by an

18   attorney who knew of the filing deadline but interpreted the statements in the EEO investigation

19   report as dispositive that De Los Reyes did not have a viable discrimination claim against the

20   DEA.  Costin Decl., ¶ 7.  The evidence does not demonstrate that any of the statements relied on

21   were made for an improper purpose.  *See also Shepard*, 2007 WL 3070495, at *7 (the "evidence

22

23   _____

[4] Three other points are worth making.  First, the email is equivocal about Shinozawa's
24   perspective.  It begins, "Let's discuss alternatives for her return."  It then discusses performance
     issues.  It ends, "And so *at this time* we are not interested in having Charmaine return."  Second,
25   crediting De Los Reyes's recitation of her lawyer's telephone call with the author of the EEO
     report and assuming that the author was aware of the Shinozawa email, he might reasonably have
26   considered the decision to terminate De Los Reyes, which occurred three weeks later, to have been
     independent from the DEA's expression of dissatisfaction with her performance.  Finally, one
27   could not assume from reading the report, and the report certainly does not say, that Ruchman had
     no contact with the DEA before deciding to terminate an employee that had worked for it for five
28   years.  Given the role it has in filling administrative positions for the DEA, one would reasonably
     assume that keeping the DEA satisfied with its employees would be a high priority for Ruchman.

United States District Court
Northern District of California

1   provides at least some indication that [plaintiff] received mixed signals . . . . However . . . the

2   Hospital's actions, while certainly not a model of employer/employee relations, do not rise to the

3   level of the active, *fraudulent* conduct necessary to trigger the extraordinary application of

4   equitable estoppel.") (emphasis in original).

5       The DEA statements do not amount to active fraudulent or deceptive conduct that

6   prevented the plaintiff from timely filing a complaint.  Equitable estoppel does not excuse De Los

7   Reyes's failure to exhaust.  Her claims against the federal defendants are DISMISSED.

8                                    **CONCLUSION**

9       For the reasons above, the motion to dismiss the federal defendants is GRANTED

10  WITHOUT LEAVE TO AMEND.

11      **IT IS SO ORDERED**.

12  Dated: September 2, 2014



WILLIAM H. ORRICK
United States District Judge